T.C. Summary Opinion 2007-5

UNITED STATES TAX COURT

GEORGE RAY FLANIGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14996-05S.               Filed January 9, 2007.

George Ray Flanigan, pro se.

<u>Joseph Ferrick</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $5,637[1] for the taxable year 2003. The issues for decision are: (1) Whether petitioner is entitled to the dependency exemption deduction and (2) whether petitioner is entitled to the child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time that the petition was filed, petitioner resided in Hanover Park, Illinois.

Petitioner, an electrician, was employed by Littlefuse, Inc. (Littlefuse) in Des Plaines, Illinois. Petitioner received compensation from Littlefuse in 2003 in the amount of $74,418.09.

Petitioner was previously married to Margaret Flanigan (Ms. Flanigan). Two children were born of the marriage. Petitioner's separation from Ms. Flanigan in October 2000 served as the prelude to divorce proceedings.

On or about May 29, 2001, an agreed order was entered in the Circuit Court of Cook County, Illinois, to provide "unallocated

---

[1] The new issues raised and the concession by respondent reduces the deficiency from $5,637 to $2,725.

family support" to Ms. Flanigan.  Specifically, the handwritten court order provided:

> (1) George shall pay to Margaret, as for unallocated family support until further order of court or either one of them dies, 48% of George's net income, the first payment shall be due on 6-14-01, subject to review and hearing.  The issue of retroactivity to be reserved for trial.  * * *

On or about July 5, 2001, the Circuit Court of Cook County, Illinois, issued a modification to its May 29, 2001, order.  The court found petitioner's net income to be approximately $895.41 per week.  Under the modified court order, petitioner was required to pay $429.79 per week as "unallocated support." Page 2 of the modified court order, however, provides that "[T]he amount of child support cannot be expressed exclusively as a dollar amount because all or a portion of the obligor's income is uncertain as to source, time of payment, or amount."  The modified order further states that child support payments would be paid in an amount equal to 48% of petitioner's net weekly income (or $429.82).

In addition to the child support payment, petitioner was required to continue to pay medical and dental insurance for Ms. Flanigan and the two children. Petitioner was also required to maintain a $250,000 life insurance policy on himself, with Ms. Flanigan as the beneficiary, at a cost to petitioner of $700 per year.  The children, however, were not named as alternate income beneficiaries.

A Notice to Withhold Income was issued to Littlefuse requiring that it withhold $429.79 from petitioner's weekly paycheck and send the amount to the State Disbursement Unit. A Littlefuse payroll check dated December 31, 2003, for the pay period ending December 28, 2003, shows that $429.79 was deducted from petitioner's wages for that pay period and that a total amount of $22,778.87 was deducted and paid to the State Disbursement Unit for that year. The same payroll check shows that Littlefuse deducted $43.27 weekly for medical insurance with a total amount of $2,212.49 deducted for that year. Similarly, the same payroll check shows that Littlefuse deducted $4.16 weekly for dental insurance for that pay period with a total of $213.05 deducted for that year.

On or about April 19, 2004, petitioner and Ms. Flanigan divorced. Throughout the course of the divorce proceedings and afterwards, Ms. Flanigan was the custodial parent, and petitioner never had visitation rights.

On his 2003 tax return, petitioner claimed a deduction of $22,349 for alimony paid. Petitioner further claimed dependency exemptions for his two children as dependents as well as a child tax credit of $1,000.

Respondent issued the notice of deficiency in this case disallowing only the alimony deduction. In response, petitioner filed his petition with the Court contesting the disallowance.

In an answer filed June 7, 2006, respondent conceded to petitioner's deduction of $22,349 as alimony for the "unallocated family support payments."  However, respondent raised new issues by alleging that petitioner is not entitled to the two claimed dependency exemption deductions and to the child tax credit.

## Discussion

### I.  Burden of Proof

Generally, the burden of proof is on the taxpayer.  Rule 142(a)(1). Under section 7491, the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability.  Sec. 7491(a)(1).

Where the Commissioner raises a new matter or claims an increase in the deficiency, however, the burden of proof remains upon the Commissioner.  Rule 142(a)(1); Achiro v. Commissioner, 77 T.C. 881, 889-890 (1981); Burris v. Commissioner, T.C. Memo. 2001-49; Jamerson v. Commissioner, T.C. Memo. 1986-302.

Thus, the burden of proof is on respondent with respect to the new issues raised in the answer filed with the Court (i.e., the dependency exemption deductions and the child tax credit). Nonetheless, our findings and ultimate decision in this case are based on a preponderance of the evidence.

II.  Dependency Exemption Deduction

In general, a taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c).  An individual must meet the following five tests in order to qualify as a dependent of the taxpayer:  (1) Support test; (2) relationship or household test; (3) citizenship or residency test; (4) gross income test; and (5) joint return test. Secs. 151 and 152; Brissett v. Commissioner, T.C. Memo. 2003-310. If the individual fails any of these tests, he or she does not qualify as a dependent.

With respect to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a).  In the case of a child of legally separated parents, if the child is in the custody of one or both of his parents for more than half of the calendar year and receives more than half his support during that year from his parents, such child shall be treated, for purposes of section 152, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).  Sec. 152(e)(1).  For this purpose, the word "custody" as used in section 152(e) is defined in section 1.152-4(b), Income Tax Regs., which provides:

"Custody," for purposes of this section, will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, * * * "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.  [Sec. 1.152-4(b), Income Tax Regs.]

A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--

*      *      *      *      *      *      *

(2) Exception where custodial parent releases claim to exemption for the year.--A child * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if-

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The noncustodial parent is allowed a dependency exemption deduction under section 152(e)(2) if, and only if, the custodial parent signs a written declaration that such custodial parent

will not claim a child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's income tax return for the taxable year.  Sec. 152(e)(2); see also Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

The declaration required under section 152(e)(2) must be made either on a completed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra at 189; Brissett v. Commissioner, supra.

Form 8332 requires a taxpayer to furnish:  (1) The names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption.  Miller v. Commissioner, supra at 190.  Thus, the exception granting the noncustodial parent the dependency exemption deductions under section 152(e) applies only if the custodial parent signs either a Form 8332 or a written declaration conforming to the substance of Form 8332.

Ms. Flanigan, who was the custodial parent, did not sign any

such written declaration.  Further, the record does not indicate that petitioner obtained a Form 8332 from Ms. Flanigan.  At trial, petitioner testified, with respect to Form 8332, that he never signed or obtained such a form.  Because petitioner, the noncustodial parent, did not meet the requirements of the Internal Revenue Code, he cannot fall within the exception provided in section 152(e)(2).  Since petitioner fails to meet the requirements of the support test, the Court need not address the other factors.  Accordingly, the Court holds that petitioner is not entitled to dependency exemption deductions for his two children for 2003.

III.  Child Tax Credit

For 2003, petitioner claimed a child tax credit with respect to his two children in the amount of $1,000.  Respondent asserts that petitioner is not entitled to the child tax credit because all of the unallocated family support payments that petitioner made are alimony and not child support.  Petitioner argues that the unallocated family support payments, as well as the expenses for medical and dental insurance for the two children, entitle him to the child tax credit.  We disagree.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  The term "qualifying child" is defined in section 24(c).  A "qualifying child" means an individual with respect to whom the taxpayer is allowed a

deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

Since petitioner is not allowed a deduction with respect to his two children as dependents under section 151, it follows that they are not qualifying children. In the absence of a qualifying child in 2003, and irrespective of whether the court-ordered unallocated family support payments include child support as well as the medical and dental insurance on behalf of the two minor children, petitioner is not entitled to claim a child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.